# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1418V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| TRICIA SWITZER, *as executor of the Estate of Richard Feider, Sr.*, | TO BE PUBLISHED |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: January 25, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs |
| Respondent | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner
*Voris Johnson*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 17, 2018, Tricia Switzer ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging that Mr. Feider passed away as a result of the influenza and Prevnar-13 vaccinations he received on September 20, 2016. Pet. at 1, ECF No. 1.

On May 27, 2021, Petitioner filed an application for interim attorneys' fees and costs,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

requesting $67,457.50 in fees and $21,311.72 in costs. Fees App., ECF No. 43. On June 14, 2021, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 45. Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$88,319.72** in interim attorneys' fees and costs.

I.     **Legal Standard**

   A. **Interim Attorneys' Fees and Costs**

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id.*

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable

3

basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

Petitioner and her counsel have been litigating this claim for more than five years and have incurred over eighty thousand dollars in attorneys' fees and costs. Thus, I find it reasonable to award interim fees and costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive

4

medical records in this case. *See* Exs. 1-28. Petitioner has also filed three expert reports. ECF Nos. 42, 64, 77. I find that Petitioner had a reasonable basis to file her claim.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

**C. Attorneys' Fees**

Petitioner requests a total of $67,457.50 in attorneys' fees. *See* Fees App. at 6.

1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Andrew Downing, requests to be compensated at a rate of $385.00 per hour for work performed from 2018-2021; Ms. Courtney Van Cott requests to be compensated at a rate of $205 per hour for work performed in 2018-19 and $275.00 per hour for work performed in 2020-2021. *See* Second Fees App., Ex. A at 1-8. Mr. Downing's and Ms. Van Cott's requested rates are consistent with *McCulloch* and with what both attorneys have been previously awarded in the Program. *See, e.g.*, *Pickens v. Sec'y of Health & Hum. Servs.*, No. 17-187V, 2021 WL 4893583 (Fed. Cl. Spec. Mstr. Sep. 15, 2021); *Helvig v. Sec'y of Health & Hum. Servs.*, No. 17-1124V, 2021 WL 4202507 (Fed. Cl. Spec. Mstr. Aug. 12, 2021); *Patel v. Sec'y of Health & Hum. Servs.*, No. 16-848V, 2020 WL 5743285 (Fed. Cl. Spec. Mstr. Aug. 13, 2020); *Olschansky v. Sec'y of Health & Hum. Servs.*, No. 17-1096, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020); *Butler v. Sec'y of Health & Hum. Servs.*, No. 16-1027V, 2019 WL 1716073, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); *Carey on behalf of C.C. v. Sec'y of Health & Hum. Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018). Petitioner also requests an hourly

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

rate of $135.00 for work done by paralegals from 2018-2021. These rates are consistent with such work previously awarded in the Program. Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel have provided a breakdown of hours billed and costs incurred. Second Fees App., Ex. A. I find the hours to be largely reasonable, however I must reduce for excessive time billed by paralegals for administrative tasks, such as processing payment for medical record requests[4] or reviewing CM/ECF records.[5] Mr. Downing has been warned previously about these billing practices. *See, e.g., Pickens v. Sec'y of Health & Hum. Servs.*, No. 17-187V, 2021 WL 4893583 (Fed. Cl. Spec. Mstr. Sep. 15, 2021); *Helvig v. Sec'y of Health & Hum. Servs.*, No. 17-1124V, 2021 WL 4202507 (Fed. Cl. Spec. Mstr. Aug. 12, 2021); *Olschansky v. Sec'y of Health & Hum. Servs.*, No. 17-1096, 2020 WL 1027681 at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2020); *Goff v. Sec'y of Health & Human Servs.*, No. 17-259V, 2019 WL 3409976, at *4 (Fed. Cl. Spec. Mstr. Mar. 29, 2019); *Sheridan v. Sec'y of Health & Hum. Servs.*, No. 17-669V, 2019 WL 948371, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). In addition, many of these entries are part of larger block entries, and it is therefore impossible to determine how much time is compensable or not compensable. *See, e.g.*, entry of 0.40 hours on April 19, 2018 stating "Analysis of medical records received from Mercy Hospital of Buffalo to determine begin and end date of records; prepare records for filing; update client medical file; update client Medical Records Intake Form; receive and review invoice for medical records; analysis of provider's domicile state's allowance for medical record costs; comparison to HIPAA allowances." Fees App., Ex. A at 16. I note that it is counsel's burden to document the fees claimed.[6] Indeed, the Vaccine Program's Guidelines for

---

[4] *See, e.g.*, paralegal billing entries on 4/12/2018 (0.2 hours), 5/10/2018 (0.2 hours), and 7/16/2018 (0.2 hours). This is not an exhaustive list, but rather a representative sample of such billing entries

[5] *See, e g.*, paralegal billing entries on 12/3/2019 (0.1 hours), 1/21/2020 (0.1 hours), 7/28/2020 (0.2 hours), 8/14/20210 (0.1 hours), 8/21/2020 (0.1 hours)12/14/2020 (0.2 hours), and 2/4/202021 (two entries totaling 0.3 hours). This is not an exhaustive list, but rather a representative sample of such billing entries.

6

Practice state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request. Given the imprecise nature of reducing fee requests, I will therefore reduce Petitioner's fee request for paralegal fees by 10%, for a total reduction of $449.50.

Total attorneys' fees to be awarded: **$67,008.00.**

**D. Reasonable Costs**

Petitioner requests a total of $21,311.72 in costs, which includes obtaining medical records, medical literature, postage costs, and expert witness fees. Fees App. Ex. A. at 26.

1. Petitioner's Expert Costs

Petitioner requests $20,545.00 for work performed by Dr. Yehuda Shoenfeld. Fees App., Ex. A at 26. Petitioner requests that Dr. Shoenfeld be compensated at a rate of $500.00 per hour. I have previously awarded Dr. Shoenfeld's requested hourly rate (as have other special masters) and I see no reason to disturb such a request. *See Phillips v. Sec'y of Health & Hum. Servs.*, No. 16-906V, 2019 U.S. Claims LEXIS 864 (Fed. Cl. Spec. Mstr. May 16, 2019); *see also Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2019 U.S. Claims LEXIS 1366 (Fed. Cl. Spec. Mstr. Aug. 15, 2019) (granting Dr. Shoenfeld's requested hourly rate of $500.00; *mot. for reconsideration denied*); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 14-254V, 2018 U.S. Claims LEXIS 900 (Fed. Cl. Spec. Mstr. Jul. 3, 2018); *Garner v. Sec'y of Health & Hum. Servs.*, No. 15-63V, 2017 U.S. Claims LEXIS 1792 (Fed. Cl. Spec. Mstr. Nov. 2, 2017) (granting Petitioner's requested fees and costs in full, including Dr. Shoenfeld's hourly rate of $500.00).

Dr. Shoenfeld wrote three expert reports in this case. Dr. Shoenfeld's first bill, from October 16, 2019, states that he spent 12 hours "analyzing the literature and reading the material" and 10 hours "writing the report". Fees App., Ex. A at 39. His second and third invoices are structured much the same way, albeit with fewer hours. I find the amount of time Dr. Shoenfeld spent on these tasks to be reasonable, and therefore will award his fees in full. In the future, Dr. Shoenfeld should refrain from this type of block billing as the nature of block billing frustrates the Court's ability to assess the reasonableness of a fees request. Continued block billing will result in deductions and/or deferral of Dr. Shoenfeld's fees in the future.

2. Miscellaneous costs

Petitioner requests costs for obtaining medical records and other documents, mailing costs, and the Court's filing fee, which total $766.72.

---

[6] *See* Casteneda v. Sec'y of Health & Hum. Servs., No. 15-1066V, 2018 U.S. Claims LEXIS 1959 (Fed. Cl. Spec. Mstr. June 21, 2018); Rodriguez v. Sec'y of Health & Hum. .Servs., No. 06-559V, 2009 U.S. Claims LEXIS 438 at *8 (Fed. Cl. Spec. Mstr. July 29, 2009); *see also* Broekelschen v. Sec'y of Health & Hum. Servs., 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing).

Petitioner provided documentation for all costs, except postage expenses. These postage expenditures parallel the United States postage prices throughout the years and do not seem unreasonable. Thus, I award Petitioner's requested costs in full.

Total costs to be awarded: **$21,311.72**.

## III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A sum in the amount of **$88,319.72**, representing reimbursement of Petitioner's fees and costs, in the form of a check jointly payable to Petitioner and Petitioner's attorney of record, Andrew D. Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.